# IN THE FEDERAL DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON BAILEY, | } | |
|     Plaintiff, | } | Civil Action No. |
| | } | |
| vs. | } | 1:18-CV-05145-ELR-CMS |
| | } | |
| BOARD OF REGENTS OF | } | |
| UNIVERSITY SYSTEM OF | } | |
| GEORGIA, D/B/A CLAYTON | } | |
| STATE UNIVERSITY, | } | |
|     Defendant. | } | JURY DEMAND |

## AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION BASED ON RACE, DISABILITY, SEX, AGE, AND RETALIATION

COMES NOW SHARON BAILEY, (hereafter "Plaintiff" or "Employee"), in the above-styled case, and files this Complaint against the BOARD OF REGENTS OF UNIVERSITY SYSTEM OF GEORGIA, D/B/A CLAYTON STATE UNIVERSITY (hereafter "Clayton State'" or "Employer" or "Defendant"), and shows this Honorable Court the following:

**Parties**

1.

Plaintiff Employee is a resident of Clayton County, Georgia.

2.

Employer, Clayton State, has presently and has at all relevant times herein had its campus at and around 2000 Clayton State Boulevard, Morrow, GA 30260 (Clayton County).

3.

Employer, Clayton State, is an educational institution employing over 500 people, and a part of the University System of Georgia.

4.

Employer, Clayton State, has been served through the Chancellor of the Board of Regents of the University System of Georgia, to wit Dr. Steve Wrigley, at 270 Washington Street, S.W., Atlanta, GA 30334.

5.

Charles Bridges (hereafter "Bridges" or "Supervisor") worked as Plaintiff's supervisor at Clayton State. Bridges was Assistant Director of Building Services.

6.

Plaintiff SHARON BAILEY—an African-American female, fifty-one (51) years of age as of her termination from employment, now fifty-two (52) years of age, with a disability, and therefor a member of protected classes—was last employed as a Custodian II for Employer before her termination.

7.

She was employed by Employer for a total time-period of over twenty-seven (27) years.

8.

There was never any suggestion that Plaintiff was not qualified to do her job; she was qualified to do it.

9.

Plaintiff worked hard and did good custodial work for Employer for the 27 years she was there.

10.

Employer would not have kept Plaintiff on for almost three decades if she were not a good worker.

11.

Discriminatory treatment of Plaintiff by Employer, its managers, officers, agents, and employees was in the terms and conditions of employment, including but not limited to failure to accommodate, unequal treatment, a hostile work environment, retaliation, and termination.

12.

Discriminatory actions include but are not limited to hostile and discriminatory episodes and actions by Supervisor, unequal treatment of

Plaintiff throughout her employment, and ultimately termination on August 28, 2017.

13.

Employer's purported reason for separation was failure to follow policies.

14.

There was no legitimate non-discriminatory reason for the actions taken by Employer in its termination of Plaintiff.

15.

Employer's explanation is pre-textual.

16.

The conduct of Defendant and its officers, managers, agents, and employees amounted to discrimination in the terms, conditions, and privileges of Plaintiff SHARON BAILEY's employment, because of her race, disability, sex, age, and retaliation, in violation of Title VII of the Civil Rights Act, the ADA, and the ADEA, as described above.

**Jurisdiction**

17.

This court has jurisdiction under 28 U.S.C. § 1331 and by 42 U. S. C. §2000e-5.

18.

Jurisdiction and venue are proper in this court.

**Count I: Race Discrimination Under Title VII**

19.

This action is brought under Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.,* for discrimination in employment based on race. All paragraphs in this complaint support or develop the context for this count and are incorporated into it by reference.

20.

During Plaintiff's employment with Employer, she encountered discriminatory treatment vis-à-vis similarly situated employees who were not African-American and otherwise.

21.

For example, another worker Alex (a Filipino/male) was found sleeping in a gym and not treated as harshly as Plaintiff.

22.

As such, Plaintiff experienced a hostile work environment, disparate treatment, and ultimately termination.

## Count II: Disability Discrimination Under ADA

23.

This action is brought under the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101 *et seq.,* as amended, for discrimination in employment based on disability and failure to accommodate. All paragraphs in this complaint support or develop the context for this count and are incorporated into it by reference.

24.

Plaintiff is substantially limited in at least the major life activity of sleeping.

23.

Defendant is well aware of this fact and had previously worked with Plaintiff to accommodate her disability.

24.

As early as October 24, 2016, Angela Free, Associate Director for Employer's Department of Human Resources, shows in correspondence knowledge of Plaintiff's request for accommodation consistent with what is pleaded herein.

25.

Defendant knows that Plaintiff's disability could affect her wakefulness and that this intertwined with her shift work.

26.

Plaintiff made requests for accommodation, including but not limited to asking for shift accommodations.

27.

Defendant did not, as required, engage in an interactive process with Plaintiff.

28.

To the extent that Defendant may have once engaged in an interactive process with Plaintiff, it ceased to do so.

29.

At the time of her discipline and termination, Plaintiff was not being accommodated despite her ongoing need.

30.

Other employees have been caught struggling with wakefulness and were not disciplined equally to Plaintiff.

31.

For example, another worker Alex (a Filipino/male) was found sleeping in a gym and not disciplined as harshly as Plaintiff.

32.

Supervisor Charles Bridges was aware of Plaintiff's limitation and need for accommodation but ignored that need.

33.

Plaintiff was simply told that she was in violation of rules and terminated.

34.

Defendant's indifference to Plaintiff's requested accommodation was unlawful.

35.

Defendant willfully neglected its obligations to Plaintiff.

36.

Defendant did not regard Plaintiff's disability as legitimate or worthy of consideration.

37.

Defendant never took Plaintiff's accommodation requests seriously.

38.

To the extent Defendant may have once taken Plaintiff's accommodation requests seriously, it ceased to do so.

40.

Plaintiff was able to perform her job duties with reasonable accommodation.

41.

Defendant is not a small entity without resources that could be used to make equipment, shift, or personnel accommodations for Plaintiff.

42.

Plaintiff has a record of a substantially limiting impairment.

43.

During Plaintiff's employment with Employer, she encountered discriminatory treatment vis-à-vis similarly situated employees who were not disabled and otherwise.

44.

As such, Plaintiff experienced a hostile work environment, disparate treatment, and ultimately termination.

**Count III: Sex Discrimination Under Title VII**

45.

This action is brought under Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.,* for discrimination in employment based on sex.

All paragraphs in this complaint support or develop the context for this count and are incorporated into it by reference.

46.

During Plaintiff's employment with Employer, she encountered discriminatory treatment vis-à-vis similarly situated employees who were not women and otherwise.

47.

Plaintiff was discriminated against because she was a woman.

48.

For example, another worker Alex (a Filipino/male) was found sleeping in a gym and not disciplined as harshly as Plaintiff.

49.

As such, Plaintiff experienced a hostile work environment, disparate treatment, and ultimately termination.

**Count IV: Age Discrimination Under ADEA**

50.

This action is also brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination. All paragraphs in this complaint

support or develop the context for this count and are incorporated into it by reference.

51.

During Plaintiff's employment with Employer, she encountered discriminatory treatment vis-à-vis similarly situated employees who were younger than 40 and over 40 but younger than Plaintiff.

52.

As such, Plaintiff experienced a hostile work environment, disparate treatment, and ultimately termination.

**Count V: Retaliation Discrimination Under Title VII**

53.

This action is brought under Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.,* for discrimination in employment in the nature of retaliation. All paragraphs in this complaint support or develop the context for this count and are incorporated into it by reference.

54.

For all of the reasons and grounds hereinabove and below listed and referenced, Plaintiff was discriminated against for making protected complaints about how she was being treated.

### Count VI: Declaratory Judgment

55.

This action is also brought for declaratory relief under 28 U.S.C. § 2201. The discrimination in each of the first six counts should be declared to have occurred. All paragraphs in this complaint support or develop the context for this count and are incorporated into it by reference.

### Damages

56.

Plaintiff has incurred loss of income, benefits, and retirement eligibility because of Defendant's actions and inactions, and she has suffered frustration and emotional distress because of the actions and inactions described herein.

57.

Defendant has acted with malice and reckless indifference to the federally protected rights of Plaintiff because of her race, disability, sex, age, and in retaliation for protected complaints and otherwise.

58.

Because Employer's alleged reason for such treatment of Plaintiff is pre-textual, the inference of malicious and improper race and retaliation discrimination is fair and reasonable.

59.

Because Employer's alleged reason for such treatment of Plaintiff is pre-textual, the inference of malicious and improper disability retaliation and discrimination is fair and reasonable.

60.

Because Employer's alleged reason for such treatment of Plaintiff is pre-textual, the inference of malicious and improper sex retaliation and discrimination is fair and reasonable.

61.

Because Employer's alleged reason for such treatment of Plaintiff is pre-textual, the inference of malicious and improper age retaliation and discrimination is fair and reasonable.

62.

Plaintiff's alleged motivations of Defendant are plausible and unfortunately commonly seen motivations based on the facts at work.

63.

Plaintiff has filed a charge with the Equal Employment Opportunity Commission regarding Defendant, and it is attached as Exhibit A and fully incorporated herein by reference.

64.

Plaintiff received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission mailed and with postage markings of August 15, 2018, which is attached, as Exhibit B.

65.

Plaintiff seeks to be restored to her position.

66.

Plaintiff seeks damages for lost income and lost benefits ("back pay"), and retirement eligibility an amount to be proven at trial and damages for emotional pain, suffering, mental anguish, and inconvenience, also in an amount to be proven at trial.

67.

Plaintiff also seeks compensation for her costs, expenses, and attorney's fees, and punitive damages.

68.

Plaintiff also seeks a declaratory judgment that Defendant and its officers, managers, agents, and employees treated Plaintiff discriminatorily and took adverse actions against Plaintiff in a discriminatory manner.

69.

Finally, Plaintiff seeks an injunction ordering Defendant and its officers, managers, agents, and employees to stop treating employees discriminatorily and taking adverse actions against employees in a discriminatory manner such as complained of by Plaintiff.

WHEREFORE, Plaintiff SHARON BAILEY demands judgment against Defendant for appropriate damages, costs, and attorney's fees, through a trial before a jury, and also seeks declaratory and injunctive relief, all as follows. She prays specifically that the Court:

A) Enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of Title VII, the ADA, and the ADEA;

B) Temporarily restrain Defendant and its officers, managers, agents, and employees from engaging in the above described conduct;

C) Permanently enjoin Defendant and its officers, managers, agents, and employees from engaging in the above described conduct;

D) Award Plaintiff damages for lost income, including the value of all employment benefits Plaintiff would have received but for acts and practices of Defendant, in an amount to be proven at trial, pre- and

post- judgment interest, and damages for emotional pain, suffering, mental anguish, and inconvenience;

E) Order that Plaintiff be restored by Defendant to employment;

F) Order that Plaintiff be restored by Defendant to the retirement eligibility she would have had if she had not been fired and had continued in employment to the date of trial;

G) Award Plaintiff reasonable attorney's fees, expenses, and costs incurred in this action;

H) Award Plaintiff punitive damages; and

I) Order any other relief the Court deems to be equitable, just, or appropriate.

This 25th day of March, 2019.

/s/ Drew Mosley
Drew Mosley
Ga. Bar No. 526406
Attorney for Plaintiff
SHARON BAILEY

Drew Mosley LLC
279 W. Crogan St.
Lawrenceville, GA 30046
Telephone (678) 225-0098
Fax (678) 221-0230
drew@mlawmail.com

## **LOCAL RULE CERTIFICATION**

Undersigned counsel attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

Respectfully submitted this 25th day of March, 2019.

Counsel for Plaintiff
*/S/ Drew Mosley*
Drew Mosley, Esq.
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan St.
Lawrenceville, Georgia 30046
678-225-0098
678-221-0230 fax
drew@mlawmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served the below counsel for Defendant by CMECF:

    Bryan K. Webb
    Senior Assistant Attorney General
    40 Capital Square SW
    Atlanta, GA 30334-1300

Respectfully submitted this 25th day of March, 2019.

                        */S/ Drew Mosley*
                        Drew Mosley, Esq.
                        GA Bar No. 526406
                        Drew Mosley, LLC
                        279 W. Crogan Street
                        Lawrenceville, Georgia 30046
                        *Counsel for Plaintiff*
                        678-225-0098
                        678-221-0230 fax
                        drew@mlawmail.com